1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    SARAH RUBIN,                                    Case No.  22-cv-02474-JCS

8              Plaintiff,                            **ORDER GRANTING APPLICATION
                                                     TO PROCEED IN FORMA PAUPERIS**

9         v.
                                                     **ORDER TO SHOW CAUSE WHY
10   LADY BENJAMIN CANNON,                           CASE SHOULD NOT BE REMANDED**

11              Defendants.                          Re: Dkt. No. 2

12

13         Defendant Lady Benjamin Cannon, pro se, removed this case from state court and moves

14   to proceed in forma pauperis.  Sufficient cause having been shown, Cannon's application to

15   proceed in forma pauperis (dkt. 2) is GRANTED.

16         Federal courts have limited subject matter jurisdiction and may only hear cases falling

17   within their jurisdiction.  Generally, a defendant may remove a civil action filed in state court if

18   the action could have been filed originally in federal court.  28 U.S.C. § 1441.  The removal

19   statutes are construed restrictively so as to limit removal jurisdiction.  *Shamrock Oil & Gas Corp.*

20   *v. Sheets*, 313 U.S. 100, 108−09 (1941).  The Ninth Circuit recognizes a "strong presumption

21   against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks

22   omitted).  Any doubts as to removability should be resolved in favor of remand.  *Matheson v.*

23   *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the

24   burden of showing that removal is proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th

25   Cir. 2004).  A district court may remand a case to state court sua sponte if it determines that

26   jurisdiction is lacking.  28 U.S.C. §1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th

27   Cir. 2014).

28         To establish diversity jurisdiction under 28 U.S.C. § 1332(a), as Cannon asserts here, a

United States District Court
Northern District of California

removing defendant must show that there is complete diversity of the parties—i.e., no defendant is a citizen of the same state as any plaintiff—and that the amount in controversy exceeds $75,000. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).[1]  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003).

Here, Cannon asserts that she and Plaintiff Sarah Rubin are citizens of different states—California for Cannon, and New York for Rubin—and that the amount in controversy exceeds $75,000.  But her assertion regarding the amount in controversy does not rise to the level of plausibility.  Her discussion of the issue reads as follows:

> Here, the Complaint states that the unit that was offered for occupancy by Lady Benjamin to Plaintiff Rubin—is at issue. Exhibit 1, Complaint _____.  Plaintiff is seeking to invalidate the Settlement Agreement by way of this lawsuit, but has not made any payment to Lady Benjamin for the space. Thus, if Plaintiff prevails in her action for demanding to be paid, the pecuniary result the judgment would directly produce is the payment of space rent by Rubin for the period of time she occupied the mentioned space.
>
> [page break[2]]
>
> the litigation at __. *See e.g. Cohn v. Petsmart Inc., supra* 281 F.3d at 840 ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.")

---

[1] Removal is generally not available based on diversity jurisdiction where, as here, at least one defendant is a citizen of the forum state, *see* 28 U.S.C. § 1441(b)(2), but that "forum defendant rule is procedural [rather than jurisdictional], and therefore a violation of this rule is a waivable defect in the removal process that cannot form the basis for a district court's sua sponte remand order." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).  Accordingly, while the case would be subject to remand on that basis if Rubin were to assert it, it is incumbent on her to do so if she objects to proceeding in this Court.

[2] It appears that a page might be missing from Cannon's notice of removal, but it is not clear because she has not included page numbers.  This order cites the notice of removal using the page numbers assigned by the Court's ECF filing system.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Notice of Removal (dkt. 1) at 4–5.

Cannon has not attached Rubin's complaint to the notice of removal as required by 28 U.S.C. § 1446(a).  Nor has she included any allegations in her notice of removal from which the Court can discern the precise nature of Rubin's claim, the value of the rental unit apparently at issue, or the terms of the settlement agreement that Rubin purportedly seeks to invalidate.  The Court therefore has no way to determine whether the amount in controversy meets the threshold required by § 1332(a), and thus whether jurisdiction is proper.

Cannon is therefore ORDERED TO SHOW CAUSE why this case should not be remanded sua sponte for lack of subject matter jurisdiction.  Cannon must file a response to this order no later than May 31, 2022 explaining why the amount in controversy exceeds $75,000, and attaching a copy of Rubin's complaint and all other "process, pleadings, and orders served upon" Cannon in the state court action as required by § 1446(a).  If she does not file a response by that date, or fails to provide sufficient justification of the amount in controversy, the case will be reassigned to a district judge with a recommendation for sua sponte remand to state court.

Cannon is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as she continues to pursue this case.  Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation.  Cannon may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment

**IT IS SO ORDERED.**

Dated: May 9, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge